UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARRIO MORELAND,

    Plaintiff,                    3:10-cv-00154-LRH-VPC

vs.

                                **ORDER**

WILEY, *et al.*,

    Defendants.

Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, an application to proceed *in forma pauperis*, and several motions.

**I. *In Forma Pauperis* Application**

Before the Court is plaintiff's application to proceed *in forma pauperis.* (Docket #1). Based on the information submitted concerning plaintiff's financial status, the Court finds that plaintiff is not able to pay an initial installment payment towards the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments towards the full $350.00 filing fee when he has funds available.

**II. Screening of the Complaint**

    **A. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.§ 1915A. Dismissal of a

complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**B. The Instant Complaint**

Plaintiff was an inmate at the Northern Nevada Correctional Center during all times relevant to the complaint. Plaintiff names correctional lieutenant Wiley, correctional officer Flom, and correctional officer Mason as defendants in the complaint. The complaint seeks declaratory relief, injunctive relief, and damages.

**Count I**

In Count I, plaintiff alleges that on January 7, 2010, defendant Flom slammed him face down while he was in hand restraints. While plaintiff was face down on the floor, defendant Flom placed his knee in the center of plaintiff's back, and then bent plaintiff's legs upward from the ground,

removing plaintiff's shoes and socks. (Compl., at p. 6).

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7. Although an inmate need not have suffered serious injury to bring an excessive force claim against a prison official, the Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force. *Id.* at 9-10. In the instant case, plaintiff's allegation of being slammed to the ground while in restraints by correctional officer Flom is sufficient to state an excessive force claim against defendant Flom. Count I may proceed.

**Count II**

In Count II, plaintiff alleges that defendant Wiley, a correctional lieutenant, gave defendant Flom, a correctional officer, a direct order to slam plaintiff to the floor. (Compl., at p. 7). Plaintiff asserts that this violated his Eighth Amendment rights.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). A supervisory defendant must either: personally participate in the alleged deprivation of constitutional rights; know of the violations and fail to act to prevent them; or promulgate or implement a policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045

(9th Cir. 1989).  In the instant case, plaintiff has alleged that defendant Wiley ordered defendant Flom to slam him to the floor.  Plaintiff has alleged that defendant Wiley personally participated in the alleged deprivation of his constitutional rights.  This is sufficient to state an Eighth Amendment claim against defendant Wiley.  Count II may proceed.

**Count III**

In Count III, plaintiff alleges that defendant Wiley violated his rights under the First Amendment, Eighth Amendment, and Fourteenth Amendment.  Plaintiff alleges that on January 7, 2010, defendant Wiley then told defendant Flom to "slam" plaintiff.  This allegation simply repeats the allegation made in Count II, and will be dismissed on that ground.

Also in Count III, plaintiff alleges that defendant Wiley stated to plaintiff, "You're one of those sexual predators we took off the yard."  Plaintiff alleges that he is gay and that defendant is aware of that fact. (Compl., at p. 8).  Plaintiff alleges that defendant Wiley's comment constituted cruel and unusual punishment, retaliation, and a denial of equal protection. (*Id.*).  Defendant Wiley's statement to plaintiff was not a violation of his constitutional rights.  Mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.  *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).  Verbal harassment simply does not rise to the level of Eighth Amendment cruel and unusual punishment.  The Eighth Amendment claim is dismissed with prejudice.

Plaintiff also does not state a claim for retaliation, there is no indication of any link between plaintiff's exercise of a protected activity and retaliatory behavior by any defendant.  *See Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  The retaliation claim is dismissed with prejudice.

Finally, plaintiff fails to state a claim for denial of equal protection under the Fourteenth Amendment.  The Equal Protection Clause was intended as a restriction on state legislative action inconsistent with elemental constitutional premises.  Thus the Court has treated as "presumptively invidious those classifications that disadvantage a 'suspect class,' or that impinge upon the exercise of a 'fundamental right.' " *Plyler v. Doe*  457 U.S. 202, 216-217 (1982) *citing McLaughlin v.*

*Florida*, 379 U.S. 184, 192 (1964); *Hirabayaski v. United States,* 320 U.S. 81, 100 (1943)), *see also Dunn v. Blumstein,* 405 U.S. 330, 336 (1972). Plaintiff alleges that defendant Wiley made an unkind comment to him on one occasion. Plaintiff has made no allegation that he was treated differently as a member of a suspect class or that he was treated differently in a manner that impinged on his exercise of a fundamental right, and as such, there is no claim for an equal protection violation. The equal protection claim in Ground III is dismissed with prejudice.

Plaintiff fails to state a viable Eighth Amendment claim, retaliation claim, or equal protection claim in Count III. Therefore, Count III is dismissed with prejudice, in its entirety.

**Count IV**

In Count IV, plaintiff alleges that defendant Mason failed to intervene to stop defendant Flom from slamming plaintiff face down on the floor. (Compl., at p. 9). To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id*. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. at 835.

In the instant case, plaintiff has alleged that defendant Mason had the opportunity, yet failed to intervene to stop defendant Flom from slamming plaintiff down on the floor. Plaintiff has alleged that defendant Mason knew of a serious risk of harm yet disregarded that risk by doing nothing to stop the excessive force against plaintiff. Plaintiff states a cognizable Eighth Amendment claim against defendant Mason.

5

**III.  Motion for Preliminary Injunction (Docket #1-2)**

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 129 S. Ct. 365, 376 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 129 S. Ct. at 374).  The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success.  *See Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987).  However, the Ninth Circuit has recently revived the "serious questions" sliding scale test, and ruled that a preliminary injunction may be appropriate when a plaintiff demonstrates serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor. *Alliance for the Wild Rockies v. Cottrell*, 613 F.3d 960 (9th Cir. 2010).

Plaintiff asks this Court to issue an order directing defendants to refrain from violating his constitutional rights.  The defendants in this action are correctional staff at the Northern Nevada Correctional Center.  Court records indicate that plaintiff is now incarcerated at the Lovelock Correctional Center. (Docket #9).  As such, plaintiff cannot demonstrate that he is now likely to suffer irreparable harm from defendants.  Plaintiff's motion for a preliminary injunction is denied.

**IV.  Motion to Extend Prison Copywork (Docket #1-3)**

Plaintiff has filed a motion asking this Court to enter an order directing the Nevada Department of Corrections to allow petitioner to make necessary copies of his pleadings for this action, even if they exceed the prison copy limit.  Plaintiff's motion is a "form" motion, and plaintiff has not demonstrated that institutional copy limits have affected him in the instant action.  Plaintiff's motion is denied, without prejudice to bringing a motion if and when he may need to exceed institutional copy limits.

**V.  Motion for Appointment of Counsel (Docket #1-4)**

Petitioner has filed a motion requesting the appointment of counsel in this action.  A litigant

in a civil right action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional circumstances requires that the Court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se in light of the complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(*citing Wilborn, supra*, 789 F.2d at 1331). The district court has considerable discretion in making these findings. The Court will not enter an order directing the appointment of counsel. Plaintiff's motion for the appointment of counsel is denied.

**VI. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (Docket #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall **not** be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **MARRIO MORELAND, #79800** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

7

1    **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise
2 unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the
3 Prisoner Litigation Reform Act of 1996.
4    **IT IS FURTHER ORDERED** that plaintiff's motion for a preliminary injunction (Docket
5 #1-2) is **DENIED.**
6    **IT IS FURTHER ORDERED** that plaintiff's motion to extend prison copywork (Docket
7 #1-3) is **DENIED, without prejudice.**
8    **IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel
9 (Docket #1-4) is **DENIED.**
10    **IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL FILE** the complaint
11 (Docket #1-1).
12    **IT IS FURTHER ORDERED** that **Count III** of the complaint is **DISMISSED WITH**
13 **PREJUDICE in its entirety.**
14    **IT IS FURTHER ORDERED** that **Counts I, II, and IV** of the complaint **SHALL**
15 **PROCEED** against **defendants Flom, Wiley, and Mason**.
16    **IT IS FURTHER ORDERED** as follows:
17    1. The Clerk **shall electronically serve a copy of this order, including the attached**
18 **Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on**
19 **the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.
20    2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the
21 date of entry of this order whether it can accept service of process for the named defendants. As to
22 any of the named defendants for which the Attorney General's Office cannot accept service, the
23 Office shall file, *under seal*, the last known address(es) of those defendant(s).
24    3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a
25 motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a
26 full name and address for said defendant(s). Plaintiff is reminded that, pursuant to Rule 4(m) of the
27 Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120)
28 days of the date the complaint was filed.

1    4. If the Attorney General accepts service of process for any named defendant(s), such

2 defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30)**

3 **days** following the date of the early inmate mediation.  If the court declines to mediate this case, an

4 answer or other response shall be due within **thirty (30) days** following the order declining

5 mediation.

6    5. The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent

7 to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

8    Dated this 17th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

1  _____
   Name
2  _____
   Prison Number
3  _____
   Address
4  _____

5  _____

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

_____, )     Case No. _____
                  Plaintiff,             )
                                          )
v.                                        )     **NOTICE OF INTENT TO**
                                          )     **PROCEED WITH MEDIATION**
_____   )
                                          )
_____     )
                  Defendants.            )
_____)

    This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.   Do you wish to proceed to early mediation in this case? \_\_\_\_ Yes   \_\_\_\_ No

2.   If no, please state the reason(s) you do not wish to proceed with mediation? _____

     _____

     _____

     _____

3.   List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

     _____

     _____

     _____

4.   List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

     _____

     _____

_____

_____

5.   Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this _____ day of _____, 20_____.

_____
Signature

_____
Name of person who prepared or
helped prepare this document